OPINION
{¶ 1} After participating in the armed robbery of an Arby's, Defendant was indicted on one count of aggravated robbery, R.C.2911.01(A)(2), and four counts of kidnapping, R.C. 2905.01(A)(2). A firearm specification, R.C. 2941.145, was attached to each of the charges.
 {¶ 2} Defendant subsequently entered into a negotiated plea agreement with the State. In exchange for Defendant's guilty plea to the aggravated robbery charge and three of the four kidnapping charges, and the accompanying gun specifications, the State dismissed the remaining kidnapping charge and specification. The trial court sentenced Defendant to five years on the aggravated robbery charge, and three years on each of the kidnapping charges, said sentences to be served concurrently. In addition, the trial court merged all of the gun specifications and imposed one consecutive three year term, for a total sentence of eight years.
 {¶ 3} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief, Andersv. California (1967), 386 U.S. 738, stating that he could not find any meritorious issue for appellate review. Counsel did identify one potential issue. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now ready for decision.
STATEMENT OF ISSUES FOR REVIEW
 {¶ 4} "DID THE COURT ERR IN SENTENCING APPELLANT, TERRENCE M. SIMMONS, TO FIVE YEARS FOR THE UNDERLYING AGGRAVATED ROBBERY CHARGE AND TWO YEARS ON THE UNDERLYING KIDNAPPING CHARGES, WHEN THE TOTAL SENTENCE ON ALL CHARGES, INCLUDING GUN SPECIFICATIONS, IS A TERM OF IMPRISONMENT FOR EIGHT (8) YEARS."
 {¶ 5} "IS THE SAID SENTENCE IMPOSED ON APPELLANT TERRENCE M. SIMMONS DISPROPORTIONATE TO THE CRIME AND CONSTITUTE AN UNFAIR AND UNREASONABLE SENTENCE ACCORDING TO STATUTE?"
 {¶ 6} As potential error, Defendant's appellate counsel raises the issue of whether the sentence imposed upon Defendant is contrary to law or not supported by the record and the trial court's findings. The record before us demonstrates compliance with the sentencing statutes and thus refutes any such claim.
 {¶ 7} Prior to imposing its sentence, the trial court stated that it had reviewed the presentence investigation report and considered the purposes and principals of felony sentencing set out in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The sentence the court imposed on the aggravated robbery and kidnapping charges was neither the minimum nor maximum sentence.
 {¶ 8} In imposing more than the statutory minimum sentence upon this offender, who had not previously served a prison term, the trial court found that "the shortest prison term would demean the seriousness of Defendant's conduct," in compliance with R.C. 2929.14(B). The trial court gave its reasons for this finding, although it was not required to do so. State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. Moreover, the trial court ordered that Defendant's sentences be served concurrently, not consecutively, and the court merged all of the firearm specifications.
 {¶ 9} On this record, we cannot clearly and convincingly find that the record does not support the court's findings under the relevant statute, or that the sentence is otherwise contrary to law. R.C.2953.08(G)(2); State v. Culp (May 25, 2001), Champaign App. No. 2000-CA-17. Counsel's suggested potential error lacks arguable merit and is wholly frivolous.
 {¶ 10} In addition to reviewing appellate counsel's potential error, we have conducted our own independent review of the trial court's proceedings in this case. We have discovered no errors having arguable merit. Accordingly, the judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.